UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| OCTAVIO MONTOYA-HERNANDEZ, Institutional ID No. 07666-030, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 6:11-CV-009-BI |
| OFFICER WATKINS, *et al.*, | § § § | ECF |
| Defendants. | § | Assigned to U.S. Magistrate Judge |

## ORDER TO DISMISS WITH PREJUDICE

Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983 on February 2, 2011 (Doc. 1). Plaintiff claims that Defendants Officer Watkins and Officer Christopher, employees of Eden Detention Center, a private correctional facility, subjected Plaintiff to deliberate indifference in the form of harassment and sexual assault. Plaintiff consented to having the United States magistrate judge conduct all proceedings in this case pursuant to 28 U.S.C. § 636(c) in his complaint. This case was assigned to the United States Magistrate Judge thereafter. The court entered an Order on March 15, 2011 (Doc. 8) setting an evidentiary hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) and 28 U.S.C. § 1915, requiring Eden Detention Center ("EDC") and Correction Corporation of American ("CCA") officials to provide authenticated copies of Plaintiff's records relevant to the claims in Plaintiff's complaint.

Plaintiff appeared at the hearing and testified in his own behalf.

The court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A.

## I.   BACKGROUND

In his complaint and in his testimony, Plaintiff alleges that:

1.   During all times relevant to the claims set forth in his complaint, Plaintiff was confined EDC.

2.   On February 24, 2010, Plaintiff and other inmates attending an evening class were instructed to move into the hallway.

3.   Each inmate was subjected to a pat down search.

4.   In the course of the pat down search, the officer ran his hands around Plaintiff's waist, along the outside and inside of his legs, and briefly touched Plaintiff's private parts and buttocks through his trousers.

5.   Some time in November 2009, the same officer smacked Plaintiff in the buttocks when conducting a pat down search.

Plaintiff is seeking injunctive relief and an award of damages.

## II.   ANALYSIS

In both proceedings *in forma pauperis* and civil actions brought by a prisoner against a governmental entity, officer, or employee, the court is required under 28 U.S.C. §§ 1915-1915A to dismiss the complaint or any portion of the complaint if the complaint is frivolous or malicious or fails to state a claim on which relief may be granted.  These provisions thus apply to this *in forma pauperis* prisoner civil rights action.  *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).  "An [*in forma pauperis*] complaint may be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) if it has no arguable basis in law or in fact." *Ruiz v. United States*, 160 F.3d 273, 274-75 (5th Cir. 1998).  A claim has no arguable basis in law or fact if it is based on an indisputably meritless legal theory or if, after providing the plaintiff the opportunity to present additional facts

when necessary, the facts alleged are clearly baseless. *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). The court is authorized *sua sponte* to test whether the proceeding is frivolous or malicious even before the service of process or before an answer is required to be filed. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990); *see also* 42 U.S.C. § 1997e(c)(1). A questionnaire or evidentiary hearing may be used to assist the court in determining whether the case should be dismissed under these provisions. *See Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976) (use of questionnaire to develop the factual basis of the plaintiff's complaint); *Spears*, 766 F.2d 179 (use of an evidentiary hearing).

In order to state a claim under § 1983, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000). The court has considered Plaintiff's claims as set forth in his complaint.

It is well settled that the Eighth Amendment to the Constitution protects inmates from "conditions so serious as to deprive [them] of the minimal measure of life's necessities." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). In the context of medical care, or lack of care, the Eighth Amendment prohibits the unnecessary and wanton infliction of pain or care repugnant to the conscience of mankind. *Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976). Not every claim of inadequate or improper medical treatment is a violation of the Constitution, however. *Id.* at 105-07. To establish an Eighth Amendment claim for deliberate indifference, Plaintiff must show "acts or omissions sufficiently harmful to evidence deliberate indifference" on the part of prison officials. *Id.* at 106. A complainant must show that a prison official's state of mind was "one of 'deliberate indifference' to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "The deliberate indifference standard is a subjective inquiry; the plaintiff must establish that the jail officials were actually aware of the risk, yet consciously disregarded it." *Lawson v. Dallas County*,

286 F.3d 257, 262 (5th Cir. 2002). "To violate the Cruel and Unusual Punishment Clause, a prison official must have a 'sufficiently culpable state of mind.'" *Hall*, 190 F.3d at 697 (quoting *Farmer*, 511 U.S. at 834). "The legal conclusion of 'deliberate indifference,' therefore, must rest on facts clearly evincing 'wanton' actions on the part of the defendants." *Id*.

Sexual abuse of a prisoner by prison officials may, under some circumstances, violate the prisoner's right to be free of cruel and unusual punishment under the Eighth Amendment. *See Boddie v. Schnieder*, 105 F.3d 857, 860-61 (2nd Cir. 1997). Sexual assault violates the Eighth Amendment only if it meets a two-part test consisting of an objective element and a subjective element. First, the sexual abuse or assault must be objectively, sufficiently serious; second, the prison officials involved must have a sufficiently culpable state of mind. *See Boddie*, 105 F.3d at 861. Not every incident of sexual abuse will meet this test. Only "severe or repetitive" sexual abuse rises to the level of an Eighth Amendment violation. *See id.*

An analysis of Plaintiff's complaint and testimony demonstrates to the court that he does not state a cognizable claim that he was subjected to an unreasonable search or seizure of the type prohibited by the Fourth Amendment, nor was he subjected to deliberate indifference prohibited by the Eighth Amendment. He does not allege that the scope or justification of the search were unreasonable, or that the manner and place were unreasonable. Rather, Plaintiff claims that individual prison guards acting of their own accord used the pretense of a routine pat-down search to sexually assault him. Plaintiff alleges that he was once smacked on the rear and that on another occasion, his private parts and buttocks were briefly touched through his trousers in the course of a pat down search. He alleges that he was amongst a group of inmates, all subjected to pat down searches, after a class. Plaintiff's allegations do not demonstrate that the alleged sexual assaults were objectively, sufficiently serious or repetitive, or that the officers had a culpable state of mind.

-5-

Plaintiff's factual allegations, accepted as true, fail to demonstrate that any of the criteria for a claim under either the Eighth or Fourth Amendments have been met. Further, as the Supreme Court has recently noted, an inmate may not recover against the employees of a private institution under *Bivens* where an adequate state law remedy exists. *See Minneci v. Pollard*, __ US __, __, 2012 U.S. LEXIS 573 (January 10, 2010). Plaintiff has the state law claims of assault or battery available to him.

### III.   CONCLUSION

The court has considered Plaintiff's allegations in his complaint as supplemented by his testimony. The court finds that Plaintiff has failed to state cognizable constitutional claims against any of the Defendants in his or her individual, official, or supervisory capacities for deliberate indifference, cruel and unusual punishment, or for subjected him to unreasonable searches.

**IT IS, THEREFORE, ORDERED** that all of Plaintiff's claims asserted against the Defendants in their individual, official, or supervisory capacities are **DISMISSED WITH PREJUDICE AS FRIVOLOUS**.

Judgment shall be entered accordingly. This dismissal shall count as a qualifying dismissal under 28 U.S.C. § 1915(g) and *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996). Dismissal of this action does not release Plaintiff or the institution where he is incarcerated from the obligation to pay any filing fee previously imposed. *See Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997).

Any pending motions are **DENIED**.

A copy of this order shall be sent by first class mail to all parties appearing *pro se* and to any attorney of record by first class mail or electronic notification.

**SO ORDERED.**

-6-

DATED this 24th day of January, 2012.

_____
**E. SCOTT FROST**
**UNITED STATES MAGISTRATE JUDGE**